(No. 4101)

CORA SCHWEMER AND WILLIAM C. SCHWEMER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 7, 1950.*

RODNEY A. WRIGHT, Attorney for Claimants.

IVAN A. ELLIOTT, Attorney General, for Respondent.

LANSDEN, J.

Claimant, Cora Schwemer, seeks to recover of respondent the value of her platinum ring· set with nine diamonds, which ring was left with the office personnel of the Elgin State Hospital, Elgin, Illinois, at the time she entered said hospital as a patient on May 10, 1945,

and which was not found at the time of and subsequent to her parole on May 22, 1946, from said institution.

On May 22, 1947, claimant, Cora Schwemer, was discharged, presumably as a cured and sane person with her civil rights restored. Her disability having been removed, she, therefore, was in a position to file her complaint in this Court within two years of her discharge, which was the date her disability ceased. Sec. 22, Court of Claims Act, Ill. Rev. Stat. 1947, Chap. 37, Sec. 439.22. This she did in apt time, her complaint having been filed on June 30, 1948.

As to claimant, William C. Schwemer, the husband of the other claimant, the Court is unable to understand his presence in this case. The ring was given by him to his wife as a present in 1935. He asserted no property right in the ring. Furthermore he, not being under any disability, learned of the disappearance of the ring within two weeks after his wife was released on parole on May 22, 1946. His claim, if he ever had one, having been filed on June 30, 1948, was filed too late and this Court has no jurisdiction of the case of claimant, William C. Schwemer. Ill. Rev. Stat. 1947, Chap. 37, Sec. 439.22.

Liability of respondent in this case is predicated on the negligence of a bailee, even though gratuitous. A bailment is based on contract. Claimant, Cora Schwemer, on May 10, 1945, as an insane person lacked capacity to enter such contract or to authorize any one to do so in her behalf. There being no bailment contract, there can be no recovery in this case on the theory of the bailee's negligence.

But is there any other theory upon which claimant, Cora Schwemer, can recover? We think not.

Section 8 of the Court of Claims Act, Ill. Rev. Stat. 1947, Chap. 37, Sec. 439.8, confers jurisdiction upon this

Court when the claim is based upon a law of the State of Illinois or upon any regulation thereunder by any executive or administrative officer or agency. No statute or regulation is pleaded, and none has been brought to the Court's attention which will support this claim.

Said Section 8 further provides that this Court has jurisdiction of any claim based upon any contract entered into with the State of Illinois. Having eliminated the bailment contract, can it be said that when the ring was taken, if it was, from claimant, Cora Schwemer, respondent impliedly promised to keep it safely?

This Court has previously held that respondent cannot be held liable for breach of an implied contract. *Dutton* v. *State,* 16 C.C.R. 64. In that case services were performed without authority in the appropriation involved. Although the services performed in the *Dutton* case benefitted respondent, claimant was denied recovery.

We, therefore, are constrained to and do hold that claimant, Cora Schwemer, has alleged no statute, regulation or contract which would warrant either the assumption of jurisdiction by this Court or the making of an award.

The claims of both claimants, Cora Schwemer and William C. Schwemer, are denied.

Awards denied.